[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case comes to this court wherein the plaintiff, State Farm Mutual Automobile Insurance seeks money damages in a claim commonly known as subrogation. The court finds that Justin Saunders took without permission of the owner, Andrew P. Rich, his motor vehicle on or about the morning of July 12, 2000. Justin Saunders took the 1999 Cherokee Sport Jeep from the premises. At some point on July 12, 2000, Jason Thompson was driving the vehicle and traveling north on Silvermine Road in New Canaan. He claimed that a passenger seated behind him, Nicole Carafa put her arms and hands around his head and over his eyes. He stated that he then lost control of the vehicle. He stated that he was unable to correct the direction of travel. The vehicle then collided with a rock wall off the roadway on the left shoulder of the road. The court finds that the defendant, Jason Thompson was negligent in that he did not act as a reasonably prudent person would under all the circumstances given that his eyes were covered. He did not brake the car or attempt to pull over to the side of the road. It is also found that there was a reasonable period of time after the hands and arms were removed from his eyes for him to take proper and evasive action, but that speed among other factors contributed to his failure to maintain the proper control of the vehicle. The court finds Jason Thompson 70% responsible for the accident. The court finds that Nicole Carafa is 30% responsible for the accident based on her conduct leading up to the accident. The court finds that the plaintiff has proven its case through all of the witnesses it presented, and finds that based on the breakdown of payments, Exhibit #2, and the affidavit of loss, that it sustained damages in the sum of $19,352.50.
The court finds pursuant to § 52-572, the parental liability for the torts of the minor, that where property damage is done to a motor vehicle which is taken without the permission of the owner, that the parents of the unemancipated child Jason Thompson are jointly and severely liable with their minor child for the damages to the sum of $5,000.00 if said minors would have been liable for the damage if they had been CT Page 3085 adults.
The court finds for the defendants on the claim of treble damages for theft under § 52-564. The court finds that theft requires requisite criminal intent which was not proven here. At best, it appears that this was a car taken for purposes not to permanently deprive the owner of possession.
Accordingly, the court enters the following orders:
1. Against Jason Thompson, the driver, the sum of $13,546.75.
2. Against Beresford Thompson and Jean Thompson, his parents who are responsible under § 52-572, the sum of $5,000.00.
3. Against Nicole Carafa, the sum of $5,805.75.
4. Against Justin Saunders who wrongfully took the vehicle, which participation was a substantial factor in causing the injury to the motor vehicle, the sum of $19,352.50
5. Against Gregory Saunders and Annette Saunders, his parents who are responsible under § 52-572, the sum of $5,000.00.
All of these orders are entered as joint and several. By that I mean that the insurance company cannot collect more than $19,352.50 in total, plus taxable costs.
Costs to be taxed by the clerk.
Judgment may enter accordingly.
Karazin, J. CT Page 3086